[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11203
Non-Argument Calendar

_____

Agency No. A208-980-383

ALICIA MENDEZ-GUTIERREZ,

Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 8, 2021)

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Alicia Mendez-Gutierrez, a native and citizen of El Salvador, seeks review of

the Board of Immigration Appeals' final order affirming the immigration judge's

denial of her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. Mendez-Gutierrez challenges the BIA's determination that she is not eligible for asylum and withholding of removal because she did not establish membership in a statutorily protected group. She also argues that the record compels a finding that she is eligible for CAT relief. We deny the petition.

We review the BIA's decision as the final judgment but turn to the immigration judge's decision to the extent that the BIA adopts it. *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019). Issues that the BIA did not reach are not properly before us. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). And issues the petitioner did not raise before the BIA are unexhausted; we lack jurisdiction to consider them. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Alim v. Gonzales*, 446 F.3d 1239, 1253 (11th Cir. 2006).

To establish eligibility for asylum, a petitioner must demonstrate either past persecution or a well-founded fear of future persecution based on "race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A); *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006). Liberally construed, Mendez-Gutierrez's argument before this Court raises five issues: (1) she has established past or future persecution; (2) she has established a nexus between that persecution and membership in a particular

social group; (3) she belongs to that particular social group; (4) that particular social group is cognizable; and (5) she has proven that she will likely be tortured if she returns to El Salvador.

But only the fifth issue she raises, seeking CAT relief, can be addressed by this Court. The BIA did not rely on the first issue as a basis to deny her claim, so it is not properly before this Court. *Gonzalez*, 820 F.3d at 403. And we do not have jurisdiction to consider issues two through four: Mendez-Gutierrez raised none of those issues before the BIA. *Alim*, 446 F.3d at 1253. There, her entire argument for asylum and withholding of removal was that she had "suffered past persecution" and feared future persecution because her partner, who was part of a gang, had physically abused her and her son. If she were to return to El Salvador, she would "likely be targeted by the father of [her] child" and by other members of her partner's gang. She did not challenge any of the immigration judge's findings, which included findings that she had not established the required nexus, she was not a part of her proposed particular social group, and she had not shown that her proposed group was cognizable. In fact, she did not even mention those findings.

That failure precludes review before this Court. "A petitioner has not exhausted a claim unless he has both raised the 'core issue' before the BIA, and also set out any discrete arguments he relies on in support of that claim." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016) (internal citations omitted). And

failure to challenge an immigration judge's finding or to make arguments relating to a specific issue removes that issue from this Court's jurisdiction even if the BIA addresses it *sua sponte. Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250–51 (11th Cir. 2006).

Because Mendez-Gutierrez did not raise these issues before the BIA, the only claim properly before this Court is Mendez-Gutierrez's claim for CAT relief. To be eligible for CAT relief, an applicant must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Lingeswaran v. U.S. Att'y Gen.*, 969 F.3d 1278, 1293 (11th Cir. 2020) (quoting 8 C.F.R. § 1208.16(c)(2)). CAT only provides protection when the torture is "inflicted by" or ignored by the government, *id.* (quoting 8 C.F.R. § 1208.18(a)(1)), not "where [the government] actively, albeit not entirely successfully, combats the alleged torture," *id.* at 1294. The BIA's determination about CAT relief is a factual one that we review under the substantial-evidence test. *See id.* at 1293–94. Under that test, we may reverse only if the record compels it. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1351 (11th Cir. 2009).

Here, substantial evidence supports the finding that Mendez-Gutierrez was ineligible for CAT relief. The record does not compel a finding that the Salvadoran government participated in or ignored her mistreatment or would knowingly allow any similar mistreatment in the future. Nothing in the record shows that the police

4

ignored the abuse—Mendez-Gutierrez testified that she never told them about it. And the country conditions report explains that El Salvador has recently increased its efforts to combat domestic violence. Because the record does not compel us to find that the government acquiesced in the domestic abuse, substantial evidence supports the BIA's conclusion that CAT relief is not appropriate.

**PETITION DENIED.**